# CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.

**A Professional Limited Liability Company**
**COUNSELLORS AT LAW**
**The Law Center of Ocean County**
**9 Robbins Street**
**Toms River, NJ  08753**
**(732) 797-1600     Fax: (732) 797-1637**
**Web site: cldds.com   e-mail:  GAhladianakis@cldds.com**
*Established 1997*

**Stephan R. Leone©±**
**Edward J. Dimon†**
**John Paul Doyle**
**Robert L. Gutman±**
**Neil Brodsky©**
**Annemarie Schreiber⊕Δ**
**Jonathan Z. Petro**
**Marguerite Kneisser©**
**Danielle A. Rosiejka☐**
**Lorraine M. Sult**

*Of Counsel*
**Joseph J. La Costa**
**Vincent J. Grasso¤Ø, Ret. A.J.S.C.**
**Howard Butensky**
**Gary Ahladianakis©±**
**Ronald E. Prusek¤#**
**Katherine M. Shackleton**
**Michael A. Jedziniak**
**William R. Burns**

**In Memoriam**

**Richard K. Sacks**
**Daniel J. Carluccio**

©**Also admitted in NY**
† **Also admitted in MA**
± **Also admitted in DC**
☐ **Also admitted in PA**
¤*Rule* **1:40 qualified Mediator**
⊕**Member of NAELA, National Academy of  Elder Law Attorneys**
Δ**Certified Elder Law Attorney**
#**Member of NJAPM, New Jersey Association of Professional Mediators**
ø**Member, American Arbitration Association**

November 13, 2020

*Via Electronic Filing*
THE HONORABLE BRIAN R. MARTINOTTI, U.S.D.J.
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

> **Re:    Downs Ford, Inc. v. Zurich American Insurance Company**
> **Case No. 3:20-cv-08595-BRM/ZNQ**
> **Our File No. *9084-002***

Dear Judge Martinotti:

Please be advised that the undersigned represents Plaintiff, Downs Ford, Inc., with regard

to the above- referenced matter.

Currently pending before Your Honor is Defendant's Motion to Dismiss Plaintiff's

Complaint under Rule 12(b)(6).

Defense Counsel has now filed three (3) separate supplemental submissions to Plaintiff's

opposition, which were electronically filed on September 1, 2020, October 2, 2020 and

November 11, 2020.  To my understanding, all of Defendant's supplemental submissions were

filed without leave of the Court or Your Honor's permission, in contravention of Local Rule

7.1(d)(6). To the extent that Your Honor wishes to consider the cases cited in Defendant's

supplemental submissions, Plaintiff is compelled to file this response thereto.

# CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.

November 13, 2020
Page -2-

As Your Honor will note, out of all the cases cited to Your Honor by Defendant in its

supplemental submissions, only the following three (3) decisions arise under New Jersey law:

> Mac Property Group, LLC v. Selective Fire & Casualty Insurance Company, Docket No.
> CAM-L- 2629-20 (N.J. Super. Ct. Law Div. Nov. 5, 2020);
>
> N&S Restaurant, LLC v. Cumberland Mutual Fire Insurance Company, 2020 WL 6501722
> (D.N.J. Nov. 5, 2020); and
>
> FAFB, LLC v. Blackboard Insurance Company, Docket No. MER-L-892-20 (N.J. Super. Ct.
> Law Div. Oct. 30, 2020).

However, in each of these New Jersey cases cited by Defendant in its supplemental

submissions, the language of all of the virus exclusions referenced therein are distinguishable

from language in the policy issued by Defendant the instant matter.  Specifically, in the Mac

Property Group matter, the New Jersey trial court found that the insurance policy issued therein

by Selective Insurance contained an anti-concurrent causation provision, namely, "policy

language preceding the virus or bacteria exclusion which excludes coverage 'regardless of any

cause or event that contributes concurrently or in any sequence to the loss'." Id. at p. 14.

Here, such language does not exist in the virus exclusion endorsement contained in the

subject policy issued to Plaintiff by Defendant, Zurich.  (See "Exclusion of Loss Due to Virus of

Bacteria," attached as Exhibit 4 to Declaration of Philip C. Silverberg, Bates No. "Zurich-0089,"

filed with Defendant's original motion submissions on 7/17/2020).  Furthermore, the plaintiff in

the Mac Property Group matter did not argue, and the Court's decision does not otherwise

reference, the efficient proximate cause doctrine, otherwise known as New Jersey's "Appleman

Rule."  The application of that doctrine was raised by Plaintiff herein, as set forth in Plaintiff's

opposition brief filed on August 25, 2020, as Point Heading "C." (See Pb, 9).

# CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.

November 13, 2020
Page -3-

To that end, in the N & S Restaurant matter, Judge Kugler, U.S.D.J., did consider the plaintiff's invocation of New Jersey's "Appleman Rule" but found that the virus exclusion in the policy  issued by Cumberland Insurance in that matter contained "an anti-concurrent causation preamble, which states that '[s]uch loss or damages excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss[.]" Id. at *4, *10.  Therefore, although Judge Kugler acknowledged that Appleman's Rule affords coverage when the included cause of loss is either the first or last step in the chain of causation, the Court found that the plain language of the virus exclusion contained in the Cumberland policy therein was drafted to eliminate such efficient proximate cause doctrine.  Id. at *11.

In the instant matter, again, there is no anti-concurrent causation language in the Zurich virus exclusion endorsement that would preclude Your Honor from finding that the subject policy affords coverage to Plaintiff under Appleman's Rule, inasmuch as Plaintiff has argued in its opposition that it was Governor Murphy's Executive Orders, and not the SARS CoV-2 virus, [1] that were the efficient proximate cause of its business income losses.  (Pb, 12-13).  In other words, Governor Murphy's Executive Orders were issued in response to a disease, *i.e.*, CoVID-19, rather than as a result of the mere existence of a virus, which illustrates Plaintiff's argument that Governor Murphy's Executive Orders arose out of the pandemic and public health crisis created by this disease. Moreover, as detailed in Plaintiff's opposition brief of August 25, 2020, anti-concurrent language that excludes coverage for losses "arising directly or indirectly out of" other

---

[1] Parenthetically, it is noted that throughout his opinion, Judge Kugler identifies CoVID-19 as the "virus" that caused Governor Murphy to issue the mandatory executive orders. By way of clarification, as it is necessary to this Court's analysis of the Appleman Rule to the facts of this matter, CoVID-19 is the name of the disease that caused the subject pandemic.  SARS CoV-2 is the actual name of the virus.

# CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.

November 13, 2020
Page -4-

excluded causes appears in several other provisions of the subject policy, but not anywhere in the subject Virus Exclusion endorsement, thereby creating a reasonable ambiguity as to coverage under the language of Defendant's Virus Exclusion endorsement.

Finally, in the FAFB matter, a New Jersey state court action venued in Mercer County, Defense Counsel provided a copy of the Order granting the defendant insurance company's motion to dismiss in that matter but did not include the transcript of the statement of reasons placed on the record by that Court on November 4, 2020. Rather, Defendant merely attached a transcript of the oral argument held before Judge Hurd, J.S.C., on October 30, 2020.

Simply put, with regards to the efficient proximate cause doctrine argument, it is Plaintiff's position that the language of the Virus Exclusion endorsement in the subject Zurich policy does not contain the anti-concurrent causation language necessary to preclude this Court's application of Appleman's Rule to support a finding of coverage.  Therefore, at the very least, the subject Virus Exclusion endorsement contains a reasonable ambiguity as to whether there is coverage for losses "indirectly" resulting from the existence of a virus, which Plaintiff respectfully submits requires Your Honor to deny Defendant's Motion to Dismiss under Rule 12(b)(6).

I thank the Court for its consideration of this supplemental opposition, the submission of which was compelled by Defendant's multiple subsequent submissions previously filed with the Court as to the pending motion.

Respectfully submitted,

GARY AHLADIANAKIS

GA:ll
cc:     Philip C. Silverberg, Esq. – Via Electronic Filing/Email
        Client